IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNATHAN GOODWIN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-2120-N |
| ) | |
| CLEARANCE HOUSE CALL FOR CARS ) | |
| AND CHUBS TOWING, ) | |
|     Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

**Parties:**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Clearance House Call for Cars ("Clearing House") and Chubs Towing.

**Factual background:**

Plaintiff states he had his car towed to Clearance House and asked Clearance House to fix the car. Plaintiff states Clearance House had Chubs Towing tow the car and that Chubs Towing sold the car at auction without his permission. Plaintiff seeks three thousand dollars in damages from Chubs Towing and that Clearance House repair his car at a discount rate.

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff asserts no federal statutory or constitutional basis for this suit. His claims appear to arise under state law. Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists an Arkansas address for himself, and a Texas address for Defendants. Plaintiff, however, has failed to show that the required jurisdictional amount in controversy is met in this case. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332.

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction.

Signed this 8th day of November, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).